# Exhibit B

# DuaneMorris®

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
LOS ANGELES
CHICAGO
HOUSTON
PHILADELPHIA
SAN DIEGO
SAN FRANCISCO
BOSTON
WASHINGTON, DC
LAS VEGAS
ATLANTA
MIAMI
PITTSBURGH
NEWARK
ALLENTOWN
WILMINGTON
HARRISBURG
PRINCETON
LAKE TAHOE

alsanacory@duanemorris.com
(404) 253-6939
www.duanemorris.com

April 25, 2006

BY US Mail and Electronic Mail

Mr. Nick Setty
Mr. Christopher Green
FISH & RICHARDSON, P.C.
1230 Peachtree Street
19th Floor
Atlanta, Georgia 30309

Re:  IP Co., LLC v. Cellnet Technology, Inc.,
     Civil Action File No. 1:05-CV-2658-CC

Dear Nick and Christopher:

Enclosed please find a copy of IPCO's amended preliminary infringement contentions. Based on our submission of these amended disclosures, we now believe that Cellnet's Motion to Dismiss IPCO's claims related to the '062 Patent (the "Motion to Dismiss") are moot, and we request that you withdraw that motion.

As we have previously communicated to you, while it was IPCO's sincere hope that the parties could reach a mutual resolution of IPCO's '062 Patent infringement claims, Cellnet's demands were simply unacceptable to IPCO. As a result, IPCO has elected to move forward with its claims of infringement of the '062 patent by Cellnet. Since Cellnet to date has refused to entertain a good faith conference to discuss the claim terms to be submitted to the Court, we believe that there should be plenty of time to address the '062 Patent.

Further, please note that IPCO believes that Cellnet has improperly revealed to the Court good faith settlement communications. We believe that these statements are not admissible for the purpose of the Motion to Dismiss.

We acknowledge that Cellnet will be entitled to depose Dr. Brownrigg a second time – limited to the '062 patent. We are happy to discuss with you a mutually-agreeable time and place for this deposition.

We look forward to hearing back from you as to whether Cellnet will withdraw its Motion to Dismiss voluntarily. In the meantime, pursuant to LPR 6.1, IPCO hereby informs Cellnet that the terms of the '062 Patent and the '516 Patent are clear and do not require

DuaneMorris

Mr. Christopher Green
April 25, 2006
Page 2

construction. Please provide Cellnet's LPR 6.1 disclosures related to the '062 Patent by May 15, 2006. This should be ample time for Cellnet to provide its LPR 6.1 disclosures in light of Cellnet's representations to the Court that it has undergone considerable effort in defending the '062 Patent claims.

Sincerely,

*Antony L. Sanacory*
Antony L. Sanacory

cc: Mr. John Herman
Mr. Matthew Gaudet
Mr. Michael Jones

DM1\629322.1