**Exhibit D**

**From:** Nick Setty [mailto:Setty@fr.com]
**Sent:** Thursday, April 27, 2006 12:45 AM
**To:** Herman, John C.
**Cc:** Christopher O. Green
**Subject:** Untimely '062 patent LPR 4.1 disclosures

John, we are considering IPCO's severely untimely LPR 4.1 disclosures for the '062 patent and IPCO's request that the motion to dismiss be withdrawn. A few specific points/questions:

1. Please confirm that if Cellnet agrees to withdraw the motion, IPCO understands and acquiesces to restarting the local rules based schedule at LPR 4.2 given the amended LPR 4.1 disclosure. That important procedural aspect of serving new LPR 4.1 disclosures should be obvious, but we are not certain that IPCO understands that we would start over beginning with new 4.2 and 4.3 responses from Cellnet thirty days from service of the new 4.1, before returning to LPR 6 claim construction disclosures.

2. Please confirm that if Cellnet agrees to withdraw the motion, IPCO would produce in Atlanta Mr. Brownrigg and Mr. Wilson for '062 patent-related claim construction depositions between service of the LPR 6.1 and LPR 6.2 statements.

3. We also would need IPCO's written agreement to compensate Cellnet within 14 days for the attorneys fees and costs associated with bringing the motion to dismiss. Had IPCO acted properly under the local rules and the federal rules, the motion to dismiss would never have been necessitated, and IPCO should bear that burden.

Unless there is a clear agreement on these three points as a predicate to any voluntary withdrawal of the motion to dismiss, Cellnet is likely to pursue the motion to dismiss and separately move to strike the amended LPR 4.1 disclosure as clearly untimely and inappropriate in light of the series of dates that IPCO has missed knowingly and the series of "the '062 patent will be dismissed" representations on the record.

As for the '516 patent, we will wait to resolve these procedural and remedial issues before returning to any discussion of when the 516 patent LPR 6.2 date should be rescheduled. It makes no sense to proceed on the 516 patent alone if the court denies the motion to dismiss and allows the 062 patent back into the case.

Let me know whether you wish to discuss these issues before IPCO responds to the motion to dismiss. I'll be in the UK through next Thursday, but can arrange to speak at some point before then if needed to nail down points 1-3 above.

Nick

5/1/2006