**Exhibit F**

# FISH & RICHARDSON P.C.

1230 Peachtree Street, NE
19th Floor
Atlanta, Georgia
30309

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

Telephone
404 892-5005

Facsimile
404 892-5002

VIA EMAIL

May 10, 2006

Web Site
www.fr.com

John C. Herman, Esq.
Duane Morris LLP
1180 West Peachtree Street, Suite 700
Atlanta, GA 30309-3448

Christopher O. Green
(404) 942-2753

Email
cgreen@fr.com

Re:   IP CO., LLC v. CELLNET TECHNOLOGY, INC.
      N.D. Ga. – 1:05-CV-2658-CC
      Our Ref.: 20280-001LL1

ATLANTA
AUSTIN
BOSTON
DALLAS
DELAWARE
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

Dear John:

I write in response to your letter of May 1, 2006.

Your letter, after numerous and significant distortions of the case record, suggests that IPCO is prepared to engage in discussions regarding the case schedule. Oddly, however, the letter ignores that fact that Cellnet has attempted to engage IPCO on these issues for many weeks without success.

Most recently, on April 27, 2006, Cellnet provided IPCO with a detailed written presentation of scheduling issues created by IPCO's s untimely efforts to assert new claims from the '062 patent against Cellnet, including particularly the series of exchanges and disclosures mandated by Patent L.R. 4.1, 4.3, 6.1 and 6.2. Cellnet further offered to meet and confer to address the specifics of its proposal.

IPCO never responded to Cellnet's proposal and did not accept Cellnet's offer for a meet and confer. Confusingly, your letter of May 1 does not even acknowledge the existence of Cellnet's now two week old proposal.

The current scheduling issues confronting the parties stem directly from IPCO's unilateral failures to honor its Patent Local Rule deadlines or its representations to both Cellnet and the Court. The record is clear on this point and is readily available for the Court's review, if necessary. Nevertheless, Cellnet remains committed to resolving all disputes between the parties in a timely manner. Reaching resolution remains difficult, however, so long as IPCO ignores Cellnet's proposals and declines to engage Cellnet in meaningful discussions.

21326595.2.doc

FISH & RICHARDSON P.C.

John C. Herman, Esq.
May 10, 2006
Page 2

To that end, we look forward to receiving IPCO's response to Cellnet's correspondence of April 27, 2006, and the case scheduling proposals presented therein.

Very truly yours,

Christopher O. Green

# FISH & RICHARDSON P.C.

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

1230 Peachtree Street, NE
19th Floor
Atlanta, Georgia
30309

Telephone
404 892-5005

Facsimile
404 892-5002

Web Site
www.fr.com

Christopher O. Green
(404) 942-2753

Email
cgreen@fr.com

ATLANTA
AUSTIN
BOSTON
DALLAS
DELAWARE
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

VIA EMAIL

May 30, 2006

John C. Herman, Esq.
Duane Morris LLP
1180 West Peachtree Street, Suite 700
Atlanta, GA 30309-3448

Re:  IP CO., LLC v. CELLNET TECHNOLOGY, INC.
     N.D. Ga. – 1:05-CV-2658-CC
     Our Ref.: 20280-001LL1

Dear John:

I write in response to your letter of May 19, 2006.

As acknowledged in your letter, Cellnet Technology, Inc. ("Cellnet") previously proposed a revised case schedule in response to IP CO., LLC's ("IPCO") untimely efforts to assert claims of the '062 patent against Cellnet. Cellnet's proposal was appropriate and fair when viewed in the context of IPCO's actions and the Patent Local Rules. Nevertheless, IPCO appears to have rejected Cellnet's proposal.

Consequently, Cellnet's Motion to Dismiss Count II of IPCO's complaint remains properly before the Court. Once the Court rules on Cellnet's pending Motion to Dismiss and resolves the issue of which patents and claims remain in the suit, the parties may then properly take up the task of setting the case schedule.

Furthermore, the Patent Local Rules require that Infringement Contentions detail, "[s]eparately for each asserted claim . . . [a] chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality." L.P.R. 4.1(b)(2)-(3). In contrast, IPCO's purported "Amended Disclosures" selectively discuss only certain claims of the '062 Patent. Therefore, and as stated in Cellnet's motion papers, IPCO's failure to frame properly its Infringement Contentions for the '062 patent renders Cellnet unable to provide a Response.

Cellnet continues to deny that it infringes any claim of the '516 or the '062 patents, either literally or under the doctrine of equivalents. Cellnet further reserves the right to modify, supplement or amend its Patent L.R. 4.2 Response, Patent L.R. 4.3 Invalidity Contentions and Patent L.R. 6.1 Statement upon the Court's resolution of the Motion to Dismiss and further upon IPCO's full compliance with the Patent Local Rules.

12002274.2.doc

FISH & RICHARDSON P.C.

John C. Herman, Esq.
May 30, 2006
Page 2

                              Very truly yours,

                              Christopher O. Green

12002274.2.doc