IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IPCO, LLC, | ) |
| Plaintiff, | ) CIVIL ACTION FILE |
| v. | ) NO. 1:05-CV-2658-CC |
| CELLNET TECHNOLOGY, INC., | ) |
| Defendant. | ) |

IPCO'S BRIEF IN OPPOSITION TO CELLNET'S
MOTION FOR APPOINTMENT OF A SPECIAL MASTER
TO CONDUCT PATENT CLAIM CONSTRUCTION

NOW COMES IPCO, LLC ("IPCO") and files its opposition to CELLNET TECHNOLOGY, INC.'s ("Cellnet") Motion for Appointment of a Special Master to Conduct Patent Claim Construction (the "Motion"). As stated in IPCO's opposition to Elster's motion in the Elster case for similar relief (the "Elster Motion"), the Court should deny the Motion for two reasons: (1) the appointment of a special master would create an economic burden that IPCO cannot pay and the parties are not equally situated to bear, thereby creating an unfair benefit for Cellnet; and (2) the appointment of a special master, under the circumstances of this case, serves no purpose and would not ultimately decrease the Court's workload. IPCO incorporates its objection to the Elster Motion as if restated fully herein.

1

DM1\685001.1

IPCO also adds that the current circumstances disfavor appointment of a special master for two additional reasons. First, a special master would add an additional and unnecessary layer of review of the same patent that this Court will be asked to preside over at trial, further delaying this case. As this case has been made aware through IPCO's motion for an amended schedule, Cellnet has unilaterally taken this case of the schedule established by the Court by ignoring Court imposed deadlines, effectively stone-walling adjudication of IPCO's claims. Cellnet should not be rewarded further for its dilatory tactics.

Second, the Elster Motion originally was based on the offer of Cellnet and Elster to share costs of a special master with IPCO in equal thirds.[1] IPCO was not agreeable to that arrangement because it still would create an economic burden that IPCO could not bear. However, now, with Elster no longer a party to the consolidated lawsuits, Cellnet's proposal would be more economically burdensome to IPCO than the earlier proposal, thereby exaggerating the economic and litigation advantage for Cellnet of putting IPCO through the costs of a special master, costs that IPCO cannot afford.

---

[1] As the Court is aware, Elster and IPCO have reached a settlement of the Elster lawsuit. This may be an opportune time to hold a scheduling conference in the instant lawsuit to address the scheduling of this case going forward. IPCO also believes that this is a good opportunity for the parties to consider consolidation of this lawsuit with the Tropos litigation that also is pending before this Court and involving the same patents.

For the reasons stated herein and in IPCO's opposition to the Elster Motion, Cellnet's Motion should be denied.

Respectfully submitted, this 18th day of September, 2006.

> DUANE MORRIS LLP
>
> s/ Antony L. Sanacory
> John C. Herman
>   (Georgia Bar No. 348370)
> Antony L. Sanacory
>   (Georgia Bar No. 625195)
>
> 1180 West Peachtree Street, Suite 700
> Atlanta, Georgia 30309-3448
> 404-253-6900 (telephone)
> 404-253-6901 (facsimile)
>
> Attorneys for Plaintiff
> IPCO, LLC

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.1D, the undersigned counsel hereby certifies that the foregoing IPCO'S BRIEF IN OPPOSITION TO CELLNET'S MOTION FOR APPOINTMENT OF A SPECIAL MASTER TO CONDUCT PATENT CLAIM CONSTRUCTION complies with the font and point selections approved by the Court in LR 5.1B. The foregoing pleading was prepared on a computer using the Times New Roman font (14 point).

                                                s/Antony L. Sanacory
                                                Attorney for IPCO, LLC

CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on September 18, 2006, a true and correct copy of IPCO'S BRIEF IN OPPOSITION TO CELLNET'S MOTION FOR APPOINTMENT OF A SPECIAL MASTER TO CONDUCT PATENT CLAIM CONSTRUCTION was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to all attorneys of record.

This 18th day of September, 2006.

s/ Antony L. Sanacory